SEA-LAND SERVICE, INC., PLAINTIFF, v. UNITED STATES, DEFENDANT

Court No. 80-12-00159

Before RE, *Chief Judge.*

(Dated November 19, 1982)

*Ragan & Mason (Gerald A. Malia* on the briefs) for the plaintiff.
*J. Paul McGrath,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*Madeline B. Kuflik* on the briefs), for the defendant.

RE, *Chief Judge:* In this case, plaintiff, Sea-Land Service, Inc., sues to recover duties paid for repairs made in a foreign country on its vessel M/V *Sea-Land Adventurer.* The vessel is documented under the laws of the United States to engage in foreign trade. A

United States Certificate of Registry was issued July 12, 1978, and was in effect at the time that the repairs were completed.

Pursuant to Rule 56, this action is before the court on motion by plaintiff and cross-motion by defendant for summary judgment. Both parties have appended their statements of material facts as to which they contend there is no genuine issue to be tried.

The *Adventurer,* constructed as a new vessel, included the use of an existing midbody which was refurbished and to which were added a new bow and stern. It was built in Japan by Mitsubishi Heavy Industries, Inc., and was delivered on July 27, 1978. The construction contract contained a "warranty of quality" clause. Under its terms, the vessel was "guaranteed" against "all defects which are due to defective material or poor workmanship, ordinary wear and tear excepted," for the period of 12 months from the date of delivery of the new vessel to the owner.

The repair work at issue took place in the Japanese ports of Kobe and Yokohama, within a matter of months after delivery of the vessel. The repair and repair parts were provided abroad by the builder of the vessel and others while the vessel was engaged in foreign trade.

Pursuant to 19 U.S.C. § 1466(a), duties of 50 per centum ad valorem were assessed on plaintiff's estimated cost of the repairs made in foreign ports on a vessel documented under the laws of the United States to engage in or employed in the foreign or coasting trade.

The pertinent provisions of 19 U.S.C. § 1466(a) read as follows:

> Equipment and repairs of vessels
> (a) Vessels subject to duty; penalties
> The equipments, or any part thereof, including boats, purchased for, or the repair parts or materials to be used, or the expenses of repairs made in a foreign country upon a vessel documented under the laws of the United States to engage in the foreign or coasting trade, or a vessel intended to be employed in such trade, shall, on the first arrival of such vessel in any port of the United States, be liable to entry and the payment of an ad valorem duty of 50 per centum on the cost thereof in such foreign country. If the owner or master willfully or knowingly neglects or fails to report, make entry, and pay duties as herein required, or if he makes any false statement in respect of such purchases or repairs without reasonable cause to believe the truth of such statements, or aids or procures the making of any false statement as to any matter material thereto without reasonable cause to believe the truth of such statement, such vessel or a monetary amount up to the value thereof as determined by the Secretary, to be recovered from the owner, shall be subject to seizure and forfeiture. For the purposes of this section, compensation paid to members of the regular crew of such vessel in connection with the installation of any such equipments or any

part thereof, or the making of repairs, in a foreign country, shall not be included in the cost of such equipment or part thereof, or of such repairs.

Section 1466(d), which provides for the remission of duties for necessary repairs, states:

(d) Remission for necessary repairs
If the owner or master of such vessel furnishes good and sufficient evidence that—
(1) such vessel, while in the regular course of her voyage, was compelled, by stress of weather or other casualty, to put into such foreign port and purchase such equipments, or make such repairs, to secure the safety and seaworthiness of the vessel to enable her to reach her port of destination;
(2) such equipments or parts thereof of repair parts or materials, were manufactured or produced in the United States, and the labor necessary to install such equipments or to make such repairs was performed by residents of the United States, or by members of the regular crew of such vessel; or

    *       *       *       *       *       *       *

then the Secretary of the Treasury is authorized to remit or refund such duties, and such vessel shall not be liable to forfeiture, and no license or enrollment and license, or renewal of either, shall hereafter be issued to any such vessel until the collector to whom application is made for the same shall be satisfied, from the oath of the owner or master, that all such equipments or parts thereof or materials and repairs made within the year immediately preceding such application have been duly accounted for under the provisions of this section, and the duties accruing thereon duly paid; and if such owner or master shall refuse to take such oath, or take it falsely, the vessel shall be seized and forfeited.

The plaintiff contends that the repair duty provisions of section 1466(a) do not apply to the vessel since the work did not constitute "repairs," within the meaning of the statute. It is plaintiff's position that, since the work was done primarily by the Japanese builder of the vessel under the terms of a warranty agreement contained in the contract for the vessel's construction, the work was merely a continuation of the construction process, and not within the common meaning of the term "repair." Alternatively, the plaintiff claims that the items in issue "are additions or alterations to the hull or fittings of the vessel or 'casualties' within the meaning of 19 U.S.C. § 1466(d)(1)." Plaintiff further urges that since the work performed by the builder was at no cost to the plaintiff, the work at issue is not subject to the assessment of duty.

Defendant disputes these contentions and questions whether all of the work done and repair materials supplied were part of the original construction of the vessel. Defendant also contends that

the repairs are dutiable notwithstanding that the costs of the repairs may have been prepaid pursuant to the contract of construction.

Since the legal issue raised appears to be one of novel impression, the cases cited by the parties are not *stare decisis* and do not authoritatively dispose of the question presented.

Although the parties contend that the only issue before the court is whether work and the replacement of parts furnished to a new vessel to correct defects of construction are also "repairs" within section 1466(a), a reading of the briefs and papers filed on these cross-motions indicates that several questions of fact remain to be determined. The statements of material facts submitted have not been wholly admitted. Moreover, some significant omissions of fact are noted. For example, there is an uncertainty as to which items were incomplete at delivery of the vessel, and whether certain items were "additions or alterations to the hull or fittings of the vessel" as plaintiff claims. The following factual matters which may be pertinent are also uncertain:

> Whether some items were essential for the vessel to continue in service and to secure its safety and seaworthiness;
> Whether the work was due to deterioration, casualty, or design changes to correct defects;
> Whether it was due to defects in materials and workmanship only;
> Whether the construction contract allocated a cost figure for warranty work supplied after delivery;
> Whether American or foreign materials or equipments were used to effect the repairs;
> Whether the contract of warranty was limited to original construction;
> What was the nature of some of the modifications or adjustments indicated in plaintiff's supporting affidavit;
> What was the nature of the work performed by Japanese firms other than the builder.

Since the motion papers submitted reveal these and other genuine triable issues of material fact, the cross-motions for summary judgment are denied.